UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. CONNER,

       Petitioner,                              Case No. 10-12092
                                                              Honorable Patrick J. Duggan

v.

CARMAN D. PALMER, Warden,

       Respondent.
_____ /

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

On May 25, 2010, James A. Conner ("Petitioner"), a state prisoner currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner challenges his 2008 conviction following a jury trial of assault with intent to do great bodily harm less than murder in violation of Michigan Compiled Laws § 750.84. For the reasons that follow, the Court denies Petitioner's request for habeas relief.

### Factual and Procedural Background

Petitioner was convicted of the above offense, in addition to felonious assault (assault with a dangerous weapon) in violation of Michigan Compiled Laws § 750.82. This Court reiterates the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §2254(e)(1):

> Viewed in the light most favorable to the prosecution, the evidence showed that defendant assaulted Traylor [the victim] in retaliation for an incident

> that caused defendant's girlfriend and children to leave. Following a verbal confrontation at defendant's home, the victim left but was followed by defendant. The victim asserted defendant hit him in the head with a handgun and threatened to kill him. Defendant admitted striking the victim but denied the use of a weapon. It is undisputed that Traylor was struck with sufficient force to rupture his left eyeball.

*People v. Conner*, No. 288660, 2009 WL 4172571, at *1 (Mich. Ct. App. Nov. 24, 2009).

Petitioner filed a direct appeal asserting that there was insufficient evidence of the element of intent to do great bodily harm to support his conviction under Michigan Compiled Laws § 750.84. Petitioner's conviction was affirmed on appeal. *Id.* Petitioner then filed an application for leave to appeal raising the same claim in the Michigan Supreme Court, which the Court denied. *People v. Conner*, 488 Mich. 996, 791 N.W.2d 455 (Mich. 2010). Petitioner asserts the same ground for relief in his pending habeas petition filed May 25, 2010. Respondent filed an answer to the petition on December 2, 2010, contending that the state court's adjudication of Petitioner's single ground for relief was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard of review for federal habeas proceedings:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> 1) resulted in a decision that was contrary to, or involved an unreasonable

2

>application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. 2254(d). In short, under §2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

The Supreme Court has provided that under the "contrary to" clause "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 364-65, 120 S. Ct. 1495, 1498 (2000). A federal habeas court may grant the claim under the "unreasonable application" clause "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable." *Id*. at 409, 120 S. Ct. at 1521. The court may not issue a writ "simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522.

**Analysis**

Petitioner argues that there was insufficient evidence of the element of intent in support of his conviction of assault with intent to do great bodily harm less than murder.

The Michigan Court of Appeals applied the correct legal standard to evaluate Petitioner's sufficiency of the evidence claim: "Whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original); *see also Conner*, 2009 WL 4172571, at *1. This standard is applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16, 99 S. Ct. at 2792 n.16.

As outlined by the state appellate court, the elements of the crime of assault to do great bodily harm less than murder under Michigan law are as follows: "'(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder.'" *Conner*, 2009 WL 4172571, at *1 (quoting *People v. Parcha*, 227 Mich. App. 236, 239, 575 N.W.2d 316 (1997)). The state court elaborated:

> Great bodily harm is defined as "a physical injury that could seriously harm the health or function of the body." CJI2D 17.7(4). This is a specific intent crime wherein the defendant must have "intend[ed] to do serious injury of an aggravated nature." *People v. Mitchell*, 149 Mich App 36, 39; 385 NW2d 717 (1986). The defendant's intent may be inferred from all the facts and circumstances surrounding the offense, *People v. Lugo*, 214 Mich App 699, 709-710; 542 NW2d 921 (1995), including the defendant's acts,

> the means employed to commit the assault itself, and the extent of the victim's injuries, although actual physical injury is not a necessary element of the crime. *People v. Harrington*, 194 Mich App 424, 430; 487 NW2d (1992); *People v. Cunningham*, 21 Mich App 381, 384; 175 NW2d 781 (1970). A defendant's intent can also be inferred from his conduct in the use of a dangerous weapon, *Parcha*, supra at 239, although use of a weapon is not a necessary element of the offense and thus it does not matter that the defendant used his bare hands; what is important is the intent with which he acted. *People v. Van Diver*, 80 Mich App 352, 356; 263 NW2d 370 (1977).

*Id*. The Michigan Court of Appeals found sufficient evidence of intent, reasoning:

> It is undisputed that Traylor was struck with sufficient force to rupture his left eyeball. It was for the jury to determine the credibility of these witnesses. The evidence that defendant pursued the victim and threatened to kill him, coupled with the injury inflicted, was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that defendant intended to do serious injury of an aggravated nature. Therefore, the evidence was sufficient to sustain the jury's verdict.

*Id.*

The facts relied upon by the state court to support Petitioner's conviction, which are based upon the victim's trial testimony, must be presumed correct on habeas review. 28 U.S.C. § 2254(d). Petitioner points to his trial testimony, which contradicted that of the victim, to challenge these facts. Assessing the credibility of witnesses, however, is beyond the scope of federal habeas review. *See Schlup v. Delo*, 513 U.S. 298, 333, 115 S. Ct. 851, 868 (1995). Thus while Petitioner claims he did not assault the victim with a weapon as the victim testified at trial (*see* 3/12/08 Trial Tr. at 10), this Court cannot re-weigh the evidence presented in the state court proceedings to redetermine the credibility of witnesses whose demeanor has been previously observed by the trial court. *Id.*

5

For the reasons set forth above, the state court's decision was neither contrary to nor an unreasonable application of Supreme Court precedent, nor was the decision based upon an unreasonable determination of the facts. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the elements of assault to do great bodily harm less than murder, and specifically the element of intent, beyond a reasonable doubt.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing §2254 Cases. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court therefore declines to issue Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that the Court **DECLINES** to issue Petitioner a certificate of appealability.

Date:  July 7, 2011                          s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copies to:
James A. Conner, #600686
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI 48880

AAG Linus R. Banghart-Linn