UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. CONNER,

        Petitioner,                                        Case No. 10-12092
                                                             Honorable Patrick J. Duggan

v.

CARMAN D. PALMER, Warden,

        Respondent.
_____ /

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR REHEARING OR NEW TRIAL OR TO ALTER OR AMEND THE JUDGMENT

Petitioner James A. Conner ("Petitioner"), a Michigan prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on May 25, 2010, challenging his 2008 conviction of assault with intent to do great bodily harm less than murder in violation of Michigan Compiled Laws § 750.84.  Following a jury trial, Petitioner also was convicted of felonious assault with a dangerous weapon in violation of Michigan Compiled laws § 750.82.  In his habeas petition, however, Petitioner only challenged his conviction pursuant to Section 750.84 and asserted only one ground in support of his request for relief: that there was insufficient evidence of the element of intent to do great bodily harm to support his conviction.  In an opinion and order issued on July 7, 2011, this Court held that Petitioner's claim lacks merit and that he, therefore, is not entitled to habeas corpus relief.  On the same date, the Court dismissed his habeas petition with prejudice.

Presently before the Court is Petitioner's motion for reconsideration, filed July 21,

2011.[1]  To prevail on a motion for reconsideration, the movant must demonstrate that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect.  E.D. Mich. LR 7.1(h)(3).  A motion that merely presents the same issues already ruled upon by the Court shall not be granted.  *Id.*  Similarly, motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Despite asserting several arguments in his motion, some of which are incorrect as a matter of law, Petitioner fails to demonstrate that this Court made a palpable defect in its decision finding no merit to his asserted ground for relief.  Contrary to Petitioner's arguments, this Court gave proper deference to the state court's factual findings, independently reviewed the record, and applied the correct standard for determining whether there was sufficient evidence to support the jury's verdict.  Further, and also contrary to Petitioner's arguments, this Court is obligated to decide whether to issue a certificate of appealability "when it enters a final order adverse to the applicant [for habeas corpus relief."  *See* Rule 11 of the Rules Governing § 2254 Cases.

---

[1]Petitioner titles his motion as a motion for rehearing or new trial under Federal Rule of Civil Procedure 46, 52(a)(5), and 59(a)(2) or, alternatively, to alter or amend a judgment under Rules 52(a)(1), 52(a)(5), and 59(e).  He in fact is seeking reconsideration of the Court's July 7, 2011 decision and thus the Court construes his motion as brought pursuant to Federal Rule of Civil Procedure 59(e) and/or Eastern District of Michigan Local Rule 7.1(h).

2

For the first time, Petitioner asserts in his pending motion a Double Jeopardy Clause challenge to both his convictions.  He has defaulted that claim, as it never was raised in the state courts.  Even if Petitioner had asserted such a claim, it would fail on its merits as assault with intent to do great bodily harm less than murder and felonious assault under Michigan law require proof of different elements.  *Compare Conner*, 2009 WL 4172571, at *1 (Mich. Ct. App. Nov. 24, 2009) (setting forth elements of assault with intent to do great bodily harm) *with People v. Avant*, 235 Mich. App. 499, 505, 597 N.W.2d 864, 869 (1999) (setting forth elements of felonious assault); *see also People v. Strawther*, 480 Mich. 900, 739 N.W.2d 82 (2007) (holding that convictions for assault with intend to do great bodily harm and felonious assault do not violate the Double Jeopardy Clause as both crimes have different elements).

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for rehearing or new trial or to alter or amend the judgment is **DENIED**.

Date:  August 15, 2011                          s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
James A. Conner, #600686
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI 48880

AAG Linus R. Banghart-Linn